<u>NOT FOR PUBLICATION</u>

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

_____
:
JONNATAN TABORDA PEINADO,       :       Civil Action No. 16-5325 (JMV)
                                :
            Petitioner,         :
                                :
       v.                       :       **OPINION**
                                :
CHARLES GREEN,                  :
                                :
            Respondent.         :
_____:

APPEARANCES:

Jonnatan Taborda Peinado
Essex County Correctional Facility
354 Doremus Avenue
Newark, NJ 07105
       on behalf of Petitioner

Durwood Heinrich Reidel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868
Ben Franklin Station
Washington DC 20044
       on behalf of Respondent

**VAZQUEZ**, United States District Judge

On August 29, 2016, Petitioner, acting *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), challenging his prolonged pre-final removal order detention by U.S. Immigration and Customs Enforcement ("ICE"). On October 21, 2016, Respondent filed a response to the petition, opposing habeas relief on the basis that mandatory detention under 8 U.S.C. § 1226(c) is reasonable under the circumstances present here. (ECF No.

4.)

## I. BACKGROUND

In his petition for habeas corpus relief pursuant 28 U.S.C. § 2241, Petitioner alleges he has been in the custody of the U.S. Immigration and Customs Enforcement ("ICE"), and held in Essex County Correctional Facility since February 12, 2016. (ECF No. 1 at 3.) Petitioner is a native and citizen of Columbia. (Id. at 5.) He was admitted to the United States as a lawful permanent resident on or about November 16, 1995. (Id.) On May 27, 2011, Petitioner was convicted of robbery in the Hudson County Superior Court of the State of New Jersey, in violation of N.J.S.A. 2C:15-1. (ECF No. 1 at 6.) He was sentenced to a seven-year term of imprisonment. (Id.)

On February 12, 2016, ICE issued Petitioner a Notice to Appear, charging him with removability due to his conviction of an aggravated felony. (ECF No. 4-1, Ex. A.) Petitioner was taken into custody as a criminal alien, pursuant to 8 U.S.C. § 1226(c). (Id.) At his March 30, 2016, initial status hearing in Immigration Court, Petitioner requested a continuance to obtain counsel. (Id., Ex. F at ¶4.) On May 18, 2016, Petitioner requested a continuance to allow his counsel to investigate his claims. (Id., at ¶5.) Petitioner sought another continuance on June 22, 2016, because he was not ready to file his applications for relief from removal. (Id. at ¶6.) Petitioner filed his application for removal, and it was scheduled for a hearing on November 4, 2016. (Id., Ex. F at ¶4.) On November 14, 2016, Respondent filed a letter informing the Court that an Immigration Judge ("IJ") denied Petitioner's requests for relief from removal and ordered him removed on November 4, 2016. (ECF No. 5, Ex. A.) Petitioner reserved his appeal; therefore the removal order is not administratively final. (Id.)

## II. DISCUSSION

A. Standard of Review

8 U.S.C. § 1226(c)(1) mandates that the Government "take into custody" aliens who are convicted of certain crimes, including aggravated felonies. Demore v. Kim, 538 U.S. 510, 517-18 (2003). Detention without the possibility of bond "for a reasonable period of time" pursuant to § 1226(c) is constitutional. *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 223 (3d Cir. 2011). Section 1226(c) detention may raise constitutional concerns if detention becomes unreasonably prolonged. *Id.* Under *Diop*, the reasonableness of a period of detention is "a function of whether it is necessary to fulfill the purpose of the statute." *Id.* at 234. Once detention becomes unreasonably prolonged, "the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." *Id.* at 231.

The Third Circuit has not imposed a bright-line rule for when detention becomes unreasonably prolonged; the inquiry is fact-intensive. Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469, 474 (3d Cir. 2015). In Chavez-Alvarez, the court noted that after six months of detention, "and certainly by the time [the petitioner] had been detained for a year, the burdens to [the petitioner's] liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." Id. at 478.

B.  Arguments

Petitioner contends that his removal to Columbia is not likely to occur in the reasonably foreseeable future. (ECF No. 1 at 12.) Respondent argues that Petitioner is not entitled to relief under *Diop* or *Chavez-Alvarez* because he is responsible for three-and-a-half months of the delay in proceedings, and he does not present a bona fide legal challenge to removal. (ECF No. 4 at 11-13.) In support of this claim, Respondent submits that the IJ sustained the charge of removability as an aggravated felon, and Petitioner is ineligible for most forms of relief from removal. (Id. at

13.)

If, however, the petition is granted, Respondent argues § 1226(a)'s procedures and standards should govern Petitioner's bond determination. (*Id.* at 13- 14.) Section 1226(a) provides for an initial custody determination by a deportation officer, allows a petitioner to seek review of that custody determination by an immigration judge, and gives a petitioner the opportunity to file a timely appeal of that decision to the Board of Immigration Appeals. (*Id.* at 14.)

C.    Analysis

 "District courts retain jurisdiction to hear habeas petitions filed by aliens subject to removal for having committed certain criminal offenses, as well as those filed by non-criminal aliens, where they allege constitutional violations." *Pisciotta v. Ashcroft*, 311 F.Supp.2d 445, 453 (D.N.J. Jan. 9, 2004) (citing *Chmakov v. Blackman*, 266 F.3d 210 (3d Cir. 2001)).  The constitutionality of pre-removal order mandatory detention "is a function of the length of the detention." *Chavez-Alvarez*, 783 F.3d at 474 (quoting *Diop*, 656 F.3d at 232.))

Reasonableness of the length of detention is highly fact-specific. *Id.*  The inquiry involves more than which party caused the delay. *Id. at 475.*  Further, it is not enough that the Petitioner's challenge to removal has thus far been unsuccessful. *Id.* at 475-76.  "The most important consideration . . . is whether an alien challenges aspects of the Government's case that present real issues, for example: a genuine factual dispute; poor legal reasoning; reliance on a contested legal theory; or the presence of a new legal issue." *Id. at 476.*

Here, Respondent attributes a three-and-a-half month delay to Petitioner's requests for continuances.  This relatively short delay while Petitioner obtained counsel and counsel prepared Petitioner's case does not suggest Petitioner was simply gaming the system to delay removal. Respondent maintains only that the IJ sustained the charges of removability and denied relief from

4

removal, leaving Petitioner with few options to pursue.

The fact that the IJ sustained the removal order and denied relief does not establish that Petitioner's requests for relief from removal are nothing more than a bad faith attempt to delay proceedings. *See Chavez-Alvarez*, 783 F.3d at 476 (cautioning against a finding of bad faith merely because a petitioner faced a substantial legal burden.) If the petitioner did not act in bad faith, courts need not consider whether an alien's delay in proceedings should preclude a bond hearing. *Id.* In other words, if a petitioner presents a legitimate challenge to removal, a court should not punish the petitioner by rendering "the corresponding increase in time of detention [as] reasonable." *Id.* (quoting *Leslie v. Attorney General of the U.S.*, 678 F.3d 265, 271 (3d Cir. 2012)).

### III.    CONCLUSION

Petitioner has now been detained for almost ten months. His prolonged detention is no longer justified by a presumption that, as a criminal alien, he should be held as a danger to the community or a flight risk without an individualized bond hearing. Therefore, the Court will order a bond hearing, governed by the procedures provided to aliens in discretionary detention under 8 U.S.C. § 1226(a). *See Diop*, 656 F.3d at 235 ("[s]hould the length of [the petitioner's] detention become unreasonable, the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof.")

An appropriate Order follows.

Date: December 6, 2016                          s/ John Michael Vazquez
At Newark, New Jersey                           JOHN MICHAEL VAZQUEZ
                                                United States District Judge